

# Missouri Court of Appeals

## Southern District

### In Division

ROBERT BYERS,

    Appellant,

v.

NEW PRIME, INC.,

    Respondent.

No. SD38916

FILED: September 24, 2025

## APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## **AFFIRMED**

Like many workers compensation appeals before it, this appeal seeks to challenge the weight afforded to competing evidence by the Labor and Industrial Relations Commission (the "Commission"). The evidence in question addressed whether Robert Byers ("Claimant"), a truck driver, was permanently and totally disabled as a result of the workplace injury he sustained operating a trailer jack while employed by New Prime, Inc. ("Employer"). The Commission rejected Claimant's testimony, expressly finding that Claimant was "not a credible witness" in light of surveillance video submitted by Employer showing Claimant engaging in various activities that Claimant testified he could no longer engage in due to ongoing pain and depression. Furthermore, because

Claimant told his medical and vocational experts "that he has the same limitations which he told the court, which the Commission … found to not be credible," the Commission further found those experts' "opinions regarding the extent of Claimant's disability to be unpersuasive." (Quotations modified.) Instead, the Commission, persuaded by Employer's medical expert, found Claimant sustained only permanent partial disability ("PPD") rather than the permanent total disability ("PTD") he was alleging.[1]

Claimant appeals the Commission's PPD award, contending that "there was not sufficient competent evidence to support that award in that the overwhelming weight of the evidence proved that he was permanently and totally disabled as a result of his workplace accident." (Quotation modified.) As relevant to this contention, "an award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220, 223 (Mo. banc 2003) (quotation modified). "'Substantial' does not denote quantity or even quality, but simply means probative evidence." ***Dwyer v. Federal Exp. Corp.***, 353 S.W.3d 392, 395 (Mo.App. 2011). Such a challenge, therefore, "succeeds only in the demonstrated absence of sufficient competent substantial evidence; evidence contrary to the award of the Commission, regardless of quantity or quality, is irrelevant." ***Knutter by Knutter v. American Nat'l Ins.***, 578 S.W.3d 824, 828 (Mo.App. 2019) (quotation modified).

---

[1] Specifically, the Commission found that Claimant "has sustained a 10% permanent partial disability to the body-as-a-whole referable to his neck and a 10% permanent partial disability to the body-as-a-whole referable to his low back."

Claimant fails to make the requisite showing. The Commission based its award upon the opinion of Employer's medical expert (whom Claimant described as a "physical medicine and rehabilitation doctor"). That opinion was admitted into evidence without substantive objection, and Claimant does not allege that said opinion does not amount to competent substantial evidence supporting the Commission's PPD award. Claimant argues only that said opinion did not carry as much weight as the opinions of his medical and vocational experts because the opinions from those experts were more numerous and the experts were better qualified (by virtue of having either surgical or vocational credentials) to evaluate his disability and its impact. Such an argument, "in effect, invites us to violate our rules of review by substituting our view of witness credibility for that of the Commission. We cannot and will not do so." *Dwyer*, 353 S.W.3d at 395 (quotation modified). Decisions by the Commission as to competing medical opinions "lie within the Commission's sole discretion and are not subject to appellate review." *Id.*; *see also Doe Run Co. v. Fenwick*, 599 S.W.3d 906, 908 n.3 (Mo.App. 2020) (stating that "Appellants' various theories why their experts, not Respondent and his expert, should have been believed are non-starters when the Commission expressly found Respondent 'persuasive' and his expert 'more credible' and 'more persuasive' than Appellants' experts.").

Claimant's only remaining argument is that "the surveillance videos that the Commission so greatly relied on do not support its finding of PPD." (Quotation modified.) In support, Claimant argues that "these videos merely show him walking,

3

talking, standing, and shopping" but "there are no videos of him working, carrying or lifting heavy objects, or engaging in sports" and, therefore, "there is nothing in these videos *proving his ability to work*." (Quotation modified.) This argument is misguided because Claimant appears to suggest that Employer had the burden of proving Claimant was *not* entitled to PTD benefits. To the contrary, it was Claimant who "bore the burden of proving he was entitled to PTD benefits." ***Greer v. SYSCO Food Servs.***, 475 S.W.3d 655, 665 (Mo. banc 2015) (quotation modified). "The test for PTD is the worker's ability to compete in the open labor market." ***ABB Power T & D Co. v. Kempker***, 236 S.W.3d 43, 48 (Mo.App. 2007) (quotation modified). "The critical question is whether, in the ordinary course of business, any employer reasonably would be expected to hire the injured worker, given his present physical condition." ***Id.*** As the Commission observed, Claimant attempted to show an inability to compete by alleging he had the following limitations:

> Claimant testified that he drives only in emergencies, he does not go shopping unless an emergency and then he will use an electric mobility scooter while at the store, he does not like to go outside, he does not like to interact with people, including family and the general public, he spends most of his time in his bedroom with a pillow behind his neck watching TV and he uses a cane 90% of the time and at all times when he is outside.

(Quotation modified.) Due to the probative value of Employer's surveillance videos rebutting these allegations, the Commission concluded that Claimant failed to satisfy *his* burden of proof and accordingly denied his claim for PTD benefits.

4

In sum, having examined the whole record, *see **Hampton***, 121 S.W.3d at 223, we cannot declare the Commission's award of PPD benefits unsupported by competent and substantial evidence. Claimant's sole point is denied, and the Commission's award is affirmed.

BECKY J. WEST, J. – OPINION AUTHOR

DON E. BURELL, J. – CONCURS

JACK A.L. GOODMAN, J. – CONCURS